UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DANIEL HEATH, on behalf of himself
and others similarly situated,

        Plaintiff,

vs.                                       CASE NO.

THE PALMS SOUTH BEACH, INC.
d/b/a THE PALMS HOTEL & SPA, a
Florida for Profit Corporation, KSJ
PALMS, LLC a Florida Limited Liability
Company, and NSM PALMS, LLC a
Florida Limited Liability Company,

        Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, DANIEL HEATH ("Plaintiff" or "Heath"), through undersigned counsel, files this Original Complaint and Demand for Jury Trial against Defendant, THE PALMS SOUTH BEACH, INC., d/b/a THE PALMS HOTEL & SPA, a Florida for profit corporation, KSJ PALMS, LLC, a Florida limited liability company, and NSM PALMS, LLC, a Florida limited liability company, (collectively "Defendants" or "PALMS HOTEL"), and states as follows:

**PRELIMINARY STATEMENT**

1.       In enacting the Family Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), Congress wished to remedy its finding that employees with serious health conditions have "inadequate job security" when they have to leave work for temporary periods. *See* 29 U.S.C. § 2601(a)(4). The FMLA provides eligible employees, like Heath, with unpaid, job-protected leave in the event they are suffering from a serious medical condition. 26 U.S.C. § 2612(a)(1). An employee that takes FMLA protected leave is entitled to return to the same

1

position after coming back to work.  29 U.S.C. § 2614(a)(1).  Further, the FMLA makes it unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA. 29 U.S.C § 2615(a)(1). Likewise, it is unlawful for an employer to discharge or discriminate against any individual for opposing any practice made unlawful under the FMLA.  29 U.S.C. § 2615(a)(2).

2. Daniel Heath suffers from a disability that is also a chronic severe health condition entitling him to benefits under the FMLA.  Mr. Heath made Defendants aware of his condition, his anticipated treatment plan, and his need for leave.  The assistant director of human resources had knowledge of Mr. Heath's exigent request for leave and failed to provide Mr. Heath notice of his FMLA rights or to designate Mr. Heath's leave request as FMLA protected leave.  Mr. Heath took leave, and Defendants convened a meeting (in an open area) to discuss Mr. Heath's medical conditions, his leave request, and his need for future leave in accordance with his treatment plan.  Mr. Heath's medical information was not maintained in a confidential manner.  Further, with direct and actual knowledge of Mr. Heath's medical condition and his need for continuing treatment, Defendants terminated Mr. Heath during the meeting, which was conducted the day after his return.  As a direct result of Mr. Heath's termination from employment, which exacerbated and worsened Mr. Heath's chronic serious health condition, Mr. Heath attempted suicide approximately 2 weeks later.  Mr. Heath seeks: (i) compensatory damages in whatever amount he is found to be entitled; (ii) liquidated damages in whatever amount he is found to be entitled; (iii) an award of interest, costs and reasonable attorney's fees and expert witness fees; (iv) equitable relief; (v) declaratory relief; (vi) pre-judgment and post-judgment interest (where allowable); and (vii) a jury trial on all issues so triable.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and the

FMLA, and has authority to grant declaratory relief under the FMLA and pursuant to 28 U.S.C. § 2201 et seq.

4. Venue properly lies in this judicial district under 28 U.S.C. §1391 because Defendants do business in this judicial district.

## PARTIES

5. At all times material to this action, Plaintiff was a resident of Miami-Dade, Florida.

6. At all times material to this action, THE PALMS SOUTH BEACH, INC., d/b/a THE PALMS HOTEL & SPA was, and continues to be a Florida profit corporation. Further, upon information and belief, Defendant, THE PALMS SOUTH BEACH, INC. d/b/a THE PALMS HOTEL & SPA was and continues to be the parent corporation of Defendants KSJ PALMS, LLC and NSM PALMS, LLC.

7. At all times material to this action KSJ PALMS, LLC was and continues to be a Florida limited liability company.

8. At all times material to this action NSM PALMS, LLC was and continues to be a Florida limited liability company.

9. Further, at all times material to this action, Defendants were, and continue to be, engaged in business in Florida, doing business in Miami-Dade County, Florida.

10. From in or around September 2013 to his termination on or about April 7, 2015, Plaintiff was employed as a bellman working primarily in Defendants' hotel located at 3025 Collins Avenue, Miami Beach, Florida 33140.

11. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

12. THE PALMS SOUTH BEACH, INC. d/b/a THE PALMS HOTEL & SPA, KSJ

3

PALMS, LLC, and NSM PALMS, LLC are employers under the FMLA because they were engaged in commerce or in an industry affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

13. At all times relevant hereto, Plaintiff worked at a location where THE PALMS SOUTH BEACH, INC. d/b/a THE PALMS HOTEL & SPA, KSJ PALMS, LLC, and/or NSM PALMS, LLC, employed 50 or more employees within 75 miles.

14. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he was employed by the employer(s) for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

## GENERAL ALLEGATIONS

15. At all times relevant to this action, THE PALMS SOUTH BEACH, INC., d/b/a THE PALMS HOTEL & SPA, KSJ PALMS, LLC, and NSM PALMS, LLC, failed to comply with 29 U.S.C. § 2601, et seq., because Plaintiff validly exercised his rights pursuant to the FMLA and Defendants interfered with Plaintiff's right to take FMLA leave, failed to maintain Plaintiff's medical information in a confidential manner, failed to provide Plaintiff with notice of his rights under the FMLA, and discriminated and retaliated against Plaintiff because he took FMLA leave and would need additional leave.

16. Mr. Heath began employment with Defendants in or around September 2013.

17. Mr. Heath was hired as a full time bellman and worked at the Defendants' hotel, The Palm Hotel & Spa, located at 3025 Collins Avenue, Miami Beach, Florida 33140.

18. Mr. Heath performed the functions of his job well, and received exemplary recognition for his performance. He was recognized as the employee of the month a few months prior to his termination.

19. In or around late March 2015 or early April 2015, during his employment with Defendants, Mr. Heath experienced an acute aggravation of his diagnosed disability which is also a chronic serious health condition.

20. A coworker witnessed Plaintiff in his incapacitated state when he found Plaintiff in the luggage closet used by all the bellmen.

21. Mr. Heath sought treatment for his disability/serious health condition, and was advised by his medical providers to take time off from work until he could obtain a follow up appointment.

22. Plaintiff applied for vacation/PTO with the front office manager who approved his vacation/PTO request.

23. Plaintiff spoke with the assistant director of human resources, Raul Hernandez, about his chronic serious health condition, continuing need for treatment and anticipated leave.

24. Plaintiff disclosed to Mr. Hernandez his disability/serious health condition, and his plan for treatment, which would likely continue for the next few months. Mr. Heath further disclosed that he was advised by medical providers to take leave from work.

25. Mr. Hernandez acknowledged Mr. Heath's disability/serious health condition, even stating that he had a family member who had suffered from the same disability/serious health condition. Mr. Hernandez advised Mr. Heath to take the rest of the day off and agreed that time away from work was a good idea.

26. At no point during this meeting, or at any time before or after the meeting, did anyone employed by or affiliated with Defendants provide Mr. Heath with notice of his rights

under the FMLA or the Defendants' policies and procedures for requesting FMLA protected leave.

27. On information and belief, although the leave qualified as FMLA protected leave, Defendants did not designate the leave as FMLA leave.

28. Mr. Heath took FMLA qualifying leave on or about April 2, 2015, through and including April 6, 2015.

29. Mr. Heath had a continuing need for FMLA leave and Defendants were aware of this need.

30. Mr. Heath was scheduled to work the night shift on or about April 6, 2015.

31. Mr. Heath was removed from the schedule and he was not allowed to work his scheduled shift on or about April 6, 2015.

32. Mr. Heath called in the following day to obtain his next work assignment, and was advised to come in to meet with human resources.

33. On or about April 7, 2015, Mr. Heath met with Wendy Perez in human resources, Fritz Codio, the front office manager, and Alex Verona, the general manager.

34. During the meeting, Mr. Heath was asked to discuss his disability/serious health condition with the three people present.

35. The meeting took place in an open space and other employees were walking in and out of the area while Mr. Heath was made to discuss his private medical history and health.

36. Defendants failed to maintain Mr. Heath's private medical information in a confidential manner.

37. After Mr. Heath was subjected to this questioning, he was asked to leave the room.

38. When Mr. Heath was called back into the room a few minutes later, Alex Verona immediately stood up, made reference to having an anxiety attack due to the cramped size of the room, and laughed as he exited the room.

39. Mr. Heath was left with the impression that Mr. Verona was making fun of his disability/serious health condition.

40. Immediately after Mr. Verona left the room, Mr. Heath was not reinstated to his prior position. Mr. Heath was told his services were no longer needed, and he was terminated[1].

41. As a direct and proximate result of his termination, Mr. Heath attempted suicide and was hospitalized on or about April 22, 2015.

42. On April 23, 2015, Mr. Heath was released from medical care and immediately attempted suicide a second time prompting further hospitalization.

## COUNT I
## INTERFERENCE WITH FMLA RIGHTS

43. Plaintiff re-alleges paragraphs 1 through 42 of the Complaint, as if fully set forth herein.

44. At all times relevant hereto, Defendants interfered with Plaintiff's right to take leave from work under the FMLA.

45. At all times relevant hereto, Defendants interfered with Plaintiff's right to be reinstated to his or an equivalent position.

46. At all times relevant hereto, Defendants interfered with Plaintiff's right to have his private medical information maintained in a confidential manner.

---

[1] Plaintiff's termination constitutes discrimination based on his qualifying disability, or the Defendants' perception of him as being disabled, and retaliation for asking for leave as a reasonable accommodation. Plaintiff filed a charge of discrimination and retaliation with the EEOC. However, his charge is still pending with the EEOC. Plaintiff plans to amend his complaint to include these claims when the EEOC has completed its investigation of same.

47. At all times relevant hereto, Defendants' interference with Plaintiff's right to take leave from work violated the FMLA.

48. At all times relevant hereto, Defendants' interference with Plaintiff's right to reinstatement violated the FMLA.

49. At all times relevant hereto, Defendants' interference with Plaintiff's right to confidentiality of his medical information violated the FMLA.

50. Plaintiff suffered from a disability that also qualifies as a "serious health condition" within the meaning of the FMLA.

51. Plaintiff's condition is "chronic" within the meaning of the FMLA.

52. Plaintiff was entitled to FMLA protected leave.

53. Defendants are subject to the requirements of the FMLA.

54. Plaintiff provided adequate notice of his serious health condition to Defendants.

55. Defendants were aware of Plaintiff's serious health condition and his need for FMLA protected leave.

56. Defendants failed to provide Plaintiff adequate notice of his rights under the FMLA.

57. Plaintiff requested leave related to his serious health condition.

58. Upon learning of Plaintiff's need for leave that did qualify or could potentially qualify under the FMLA, Defendants failed to provide Plaintiff with notice of his rights under the FMLA or that his leave qualified as FMLA protected leave.

59. Plaintiff had not exhausted his entitlement to FMLA leave at the time.

60. Plaintiff disclosed to Defendants his need for ongoing treatment, which would continue after his return from the leave requested.

61. Defendants failed to provide Plaintiff with its policies and procedures for applying for FMLA leave on a continued or intermittent basis.

62. Defendants denied or failed to designate Plaintiff's leave request as FMLA protected leave.

63. Defendants terminated Plaintiff the day after he returned from FMLA qualifying leave.

64. By terminating Plaintiff, Defendants interfered with Plaintiff's right to reinstatement and to future FMLA benefits.

65. Plaintiff was denied benefits to which he was entitled under the FMLA.

66. As a result of Defendants' intentional, willful and unlawful acts by interfering with Plaintiff's rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

67. Plaintiff is entitled to liquidated damages because Defendants cannot show that its violation of the FMLA was in good faith.

68. Defendants' violation of the FMLA was willful, as its managers engaged in the above-described actions while knowing that same were impermissible under the FMLA.

69. Plaintiff demands a trial by jury.

WHEREFORE Plaintiff, DANIEL HEATH, demands judgment against Defendants for compensatory damages in whatever amount he is found to be entitled; liquidated damages in whatever amount he is found to be entitled, an award of interest, costs and reasonable attorney fees and expert witness fees, other monetary damages, equitable relief, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## RETALIATION

70. Plaintiff re-alleges paragraphs 1 through 42 of the Complaint, as if fully set forth

herein.

71. At all times relevant hereto, Defendants retaliated against Plaintiff, at least in part because Plaintiff exercised his right or attempted to exercise his right to take leave from work that was protected under the FMLA.

72. Defendants, through Wendy Perez in human resources, Fritz Codio, the front office manager, and Alex Verona, the general manager, convened a meeting with Plaintiff to discuss his recent leave, need for future leave, disability and chronic serious health condition.

73. Defendants conducted this meeting in an open forum violating Plaintiff's right to privacy and confidentiality under the FMLA.

74. With actual knowledge of Plaintiff's return from leave, need for future leave, disability and chronic serious health condition, Defendants terminated Plaintiff's employment.

75. At all times relevant hereto, Defendants retaliated against Plaintiff in violation of the FMLA.

76. As a result of Defendants' intentional, willful and unlawful acts of retaliating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

77. Because Defendants cannot prove that their violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages.

78. Defendants' violation of the FMLA was willful, as its managers engaged in the above-described actions while knowing that same were impermissible under the FMLA.

WHEREFORE Plaintiff, DANIEL HEATH, demands judgment against Defendants for compensatory damages in whatever amount he is found to be entitled; liquidated damages in whatever amount he is found to be entitled, an award of interest, costs and reasonable attorney

fees and expert witness fees, other monetary damages, equitable relief, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 29th day of March, 2017.

Respectfully submitted,

**MORGAN & MORGAN, P.A.**

s/*Paul M. Botros*
Paul M. Botros, Esquire
FL Bar No.: 063365
MORGAN & MORGAN, P.A.
600 N. Pine Island Road, Suite 400
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-mail: pbotros@forthepeople.com
*Trial Counsel for Plaintiff*